**UNITED STATES, Appellee,**

v.

**Private (E–2) Michael A. FORBES, SSN 114–50–3959, United States Army, Appellant.**

**CM 437412.**

U. S. Army Court of Military Review.

31 July 1979.

Captain Peter A. Nolan, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain Grifton E. Carden, JAGC, and Walter L. Boyaki, Esquire.

Captain Landon P. Snell, III, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Major David McNeill, Jr., JAGC.

Before FULTON, WATKINS and LEWIS, Appellate Military Judges.

OPINION OF THE COURT

FULTON, Senior Judge:

The appellant was convicted in May 1978 of a single specification of wrongfully possessing some 385 grams of marihuana at Fort Bliss, Texas, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). His approved sentence extends to reduction to the grade of Private E–1, forfeiture of all pay and allowances, a bad-conduct discharge from the service, and confinement at hard labor for two years.

On this review pursuant to Article 66 of the Uniform Code of Military Justice, 10 U.S.C. § 866 (1976), appellate counsel for each side have ably briefed and argued nine assignments of error. We have determined that one requires reversal. Therefore, we will not discuss the others.

Appellant's Assignment of Error IV is as follows:

THE OFFICER AUTHORIZING THE SEARCH OF THE APPELLANT'S ROOM FAILED TO MEET THE NEUTRAL AND DETACHED MAGISTRATE REQUIREMENT, AS HE WAS THE APPELLANT'S BATTERY COMMANDER.

It was in the course of a search of appellant's room in the barracks, authorized and

conducted by the battery commander, that the evidence supporting appellant's conviction (*i. e.,* the marihuana) was found. Shortly after ten o'clock on Sunday morning, 22 January 1978, the battery commander was telephoned at his home by the battery executive officer. The executive officer reported that he had been telephoned at home by a member of the battery, Specialist Paul, who said that on the preceding evening he and another solder had seen the appellant, in his own room, with about a pound of marihuana in a large plastic shopping-type bag containing a number of smaller bags. The battery commander told the executive officer to go to the barracks, secure appellant's room, have the informant stand by, and await his arrival.

When the battery commander arrived on the post and went to appellant's room, he found the executive officer and one of the platoon leaders, together with appellant's roommate, waiting for him. As it appeared that appellant might be at the unit dining facility, the charge-of-quarters was instructed to locate him and have him come to the room.

Meanwhile, the battery commander went to the informant's room, drew him aside, and questioned him for the details of his observation of the marihuana. Satisfied that the information he received afforded probable cause for a search, the battery commander returned to appellant's room. When efforts to locate appellant continued to prove unsuccessful, the battery commander instructed the other two officers to begin a search of the room. He joined them in conducting the search. It was the battery commander himself who, after about 20 minutes of searching, located the bag of marihuana in a pile of clothing on the floor near the head of appellant's bed. After the discovery was made, military police were called to assume custody of the evidence.

At the trial, appellant's civilian defense counsel maintained that the search was unlawful on a variety of grounds, among which was that the battery commander "was too much involved in this case to be an impartial magistrate." In support of his motion, he cited *United States v. Staggs,* 23 U.S.C.M.A. 111, 48 C.M.R. 672 (1974). We will not detail his arguments or those of appellate counsel, for the case appears clearly to be governed by *United States v. Ezell,* 6 M.J. 307 (C.M.A.1979), decided by the Court of Military Appeals six days after argument in this case (the parties have filed supplemental briefs).

*Ezell* holds that a military commander is not per se disqualified to serve as a neutral and detached magistrate, but that he, in authorizing searches and seizures, must indeed be neutral and detached as to the case involved. That is, he may not authorize searches and seizures while at the same time performing investigative functions. In that connection, Judge Perry's lead opinion states as follows:

> [W]e consider that anyone present during the search is engaged in law-enforcement activities, so we expect that the commander will not be present at the scene of the search. Presence would indicate to us that the commander has been engaged in law-enforcement activities throughout his participation in the entire authorization process, except in very extraordinary situations, which we will deal with on a case-by-case basis.

*Id.* at 319.

This dictum of Judge Perry's, together with his disposition of one of the cases consolidated in *Ezell* (*United States v. Boswell,* in which the unit commander conducted the search), evoked a strong dissent from Judge Cook. *Id.* at 332–34. Chief Judge Fletcher's separate opinion approaches the constitutional problem on a different basis,[1] but, from his opening and closing paragraphs, we discern concurrence with Judge Perry's view. *Id.* at 326, 330. That is confirmed by the summary reversals in *United States v. Gorman,* 7 M.J. 50 (C.M.A.1979) (mem.), and *United States v. Morrison,* 7 M.J. 49 (C.M.A.1979) (mem.), in both of which, according to Judge Cook's dissent in

---

1. *Cf. United States v. Roberts,* 2 M.J. 31 (C.M.A.1976).

each, the officer who authorized the search was present when it was carried out.[2]

In this case, the battery commander's actions comported with the law existing at the time, displaying a commendable appreciation of his own responsibilities and respect for the rights of his soldiers. His actions, however, went far beyond even mere presence at the scene of the search. *Ezell,* as interpreted and applied in *Gorman* and *Morrison,* requires reversal.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Judge WATKINS and Judge LEWIS concur.

---

2. Appellee's supplemental pleading informs us that the Government petitioned for reconsideration of *United States v. Morrison,* 7 M.J. 49 (C.M.A.1979), on the basis inter alia that *Ezell* should be applied only to searches conducted after the date of decision (9 April 1979). *Compare Tehan v. United States ex rel. Shott,* 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966), and *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), *with Williams v. United States,* 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971), *and Desist v. United States,* 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969). The petition has been denied. *United States v. Morrison,* 7 M.J. 136 (C.M.A.1979) (order).